Catron, J.
[384] delivered the opinion of the Court. The Circuit Court dismissed the bill, “because it appeared from the complainant’s own showing that he had given no consideration for the bonds given to him by defendant, and made no offer to rescind the contract, but claims two of said bonds.”
This Court is first of opinion that where an obligation exists valid upon its face, but which by extrinsic facts is proven to be void, and of which a vexatious use may be made, to the prejudice of the apparent obligor, he has a right to apply to a court of equity to have such obligation delivered up or cancelled, notwithstanding a court of law has concurrent jurisdiction to declare it void upon a trial at law brought thereon. 17 Ves. 111; 1 Ves. & B. 244; 1 John. Ch. Rep. 517; 7 Ves. 21, 414; 2 Atk. 308; 1 Madx. Ch. Pr. 185.
This Court is furthermore of opinion that if the defendant did alter the deed from complainant to himself after the same was originally executed, inserting therein a clause of general warranty, without the knowledge or assent of complainant, that the clause thus fraudulently inserted is subject to be erased from said deed by the order of a court of equity, for the reason that a vexatious use may be made thereof to the prejudice of the complainant; and that the defendant may be compelled to surrender up said original deed to have so much thereof stricken out as has been fraudulently inserted after its execution.
This Court is also of opinion that no reason existed sufficient to authorize the Circuit Court to dismiss the bill, growing out of the fact that no title was vested in defendant to the five-thousand-acre tract of land assumed to have been conveyed by the deed alleged to have been altered. By such a course of decision the defendant would be permitted to take advantage of his own wrong, by the commission of a gross' fraud (and perhaps forgery), which this Court apprehends wholly inadmissible. It may be true that the deed vested no title in defendant, yet this did not *673 aulhorize him fraudulently to insert covenants therein after its execution, which might at a future day be set up against [385] the complainant or his representatives, when all evidence of the fraud was lost by time, and the destruction of the original deed.
The doctrine that a court of equity will relieve in such a case is a most necessary one in this State, where all our conveyances of real estate are registered, copies evidence, and the originals may be destroyed immediately after registration; in which event it would be extremely difficult to prove the forgery; in most cases impossible after a lapse of many years. If the party who purports to be affected by the deed has no power to come into a court of equity to have it cancelled or delivered up, it will be wholly beyond his reach, until the grantee sees proper to sue thereon at law. This he may not choose to do until all the witnesses who can prove the fact of fraud and forgery are dead.
In this cause the bill alleges the clause of warranty in the deed was' forged by defendant. This is directly denied by the answer, making an issue that this Court is unwilling to try, therefore we will send it to law, where it may be tried by a jury.
The effect the answer is to have before the jury, upon the tidal of the issue, will be seen by reference to the following authorities: Hunter v. Tinley and Wallis, 1 Tenn. Rep. 240; Act of 1782, ch. 11, § 3; 9 Cranch’s Rep. 160; 1 Phil. Ev. 115 and note.